IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DANIEL JUSTMAN,<br><br>Plaintiff,<br><br>v.<br><br>HAYS FEED YARD, LLC, et al.,<br><br>Defendants. | Case No. 2:22-cv-2030-HLT |
| MELISSA JUSTMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HAYS FEED YARD, LLC,<br><br>Defendant. | Case No. 2:22-cv-2094-HLT |

**MEMORANDUM AND ORDER**

Plaintiff Daniel Justman's employment with Defendant Hays Feed Yard, LLC ("Hays") ended on May 20, 2021. Hays also ended the employment of Daniel's wife and sons. Daniel alleges that Hays fired him because he was disabled, which violates the Americans with Disabilities Act ("ADA"). Daniel's alleged disability was a concussion he suffered while working after a physical altercation with a subordinate. Daniel filed a worker's compensation claim after his termination. Daniel's family alleges they were fired because of their association with Daniel and his disability. Plaintiffs also bring state-law claims for retaliation in violation of public policy, and Daniel brings a state-law defamation claim against Hays and his supervisor, Defendant Perry Thompson.

Plaintiffs move for partial summary judgment. Doc. 84. Plaintiffs argue they are entitled to summary judgment on four matters: (1) collateral estoppel precludes Defendants from arguing that Daniel's concussion was transitory and minor (terminology used under the ADA) and that

Daniel voluntarily quit; (2) Defendants cannot establish that Thompson's allegedly-defamatory statements about Daniel were true; (3) Defendants cannot establish the affirmative defense of "after-acquired evidence"; and (4) Defendants are not entitled to any qualified privilege about Thompson's statements. Plaintiffs fail to show that no reasonable jury could find for Defendants on these matters. They don't establish that collateral estoppel applies under the facts of the case. And there are genuine issues of material fact about Daniel's defamation claims that preclude summary judgment. The Court denies the motion.

I.  BACKGROUND[1]

Hays employed all four plaintiffs. Daniel was a cattle manager. His wife Melissa was a processing manager. And their sons Dakota and Gus were pen riders.

Daniel had a physical confrontation with a subordinate at work. Daniel was injured (a concussion and other injuries), sought workers compensation benefits, and eventually reached a settlement agreement with Hays about his claim.

Daniel's employment was terminated. His family's employment was also terminated. But, a few days before the altercation and terminations, Daniel recorded that he bought eleven "railers" (less-than-ideal cattle such as sick, injured, or undersized cattle) at a low price from Hays. Daniel then sold the same cattle as "healthy" for about double the amount the day after his termination. Thompson (Daniel's supervisor) told two livestock auction companies that Daniel was a thief and had sold stolen cattle at auction.[2]

---

[1] For purposes of summary judgment, the following facts are uncontroverted or recited in the light most favorable to the nonmoving party.

[2] The Court recognizes the parties dispute the language Thompson used. The precise language does not matter for purposes of this order.

2

## II. STANDARD

Summary judgment is appropriate if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of establishing the absence of a genuine issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to demonstrate that genuine issues remain for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Courts applying this standard view the facts and any reasonable inferences in a light most favorable to the non-moving party. *Henderson v. Inter-Chem Coal Co.*, 41 F.3d 567, 569 (10th Cir. 1994). "An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation and citation omitted).

## III. ANALYSIS

### A. Collateral Estoppel

Plaintiffs first ask the Court to rule that Hays is collaterally estopped from claiming that (1) Daniel's concussion was "transitory and minor" under the ADA and (2) Daniel resigned from employment. Plaintiffs contend that Hays is precluded from making either argument because of its stipulations in the worker's compensation settlement.

The Court applies the law of Kansas to determine whether a worker's compensation settlement agreement, approved by a court, meets the requirements for collateral estoppel. *Raab Sales, Inc. v. Domino Amjet, Inc.*, 530 F. Supp. 2d 1192, 1196 (D. Kan. 2008). Kansas law requires three elements:

> (1) A prior judgment on the merits which determined the rights and liabilities of the parties on the issue based upon ultimate facts as disclosed by the pleadings and judgment,
> (2) the parties must be the same or in privity, and
> (3) the issue litigated must have been determined and necessary to support the judgment.

*Jackson Trak Grp., Inc. v. Mid States Port Auth.*, 751 P.2d 122, 128 (Kan. 1988). The party asserting collateral estoppel bears the burden to establish these elements. *Kincaid v. Sturdevant*, 437 F. Supp. 2d 1219, 1223-24 (D. Kan. 2006).

Daniel contends that the settlement agreement, once approved by the administrative law judge, operates as a final judgment on the merits. He cites *Honeycutt By & Through Phillips v. City of Wichita*, 836 P.2d 1128 (Kan. 1992), in support of his position. Daniel claims that Hays "stipulated that [Daniel] suffers from a disability which is partial in character and permanent in quality . . ." constituting "approximately 14.3% permanent partial impairment of function to the body as whole." Doc. 85 at 20. Daniel maintains that Hays agreed that Daniel had a disability that is "permanent in quality and impactful in character." Doc. 85 at 20. And he points out that Hays stipulated that it paid Daniel for thirty-nine weeks, which is more than six months. Daniel thus argues Hays has "forfeit[ed] any argument that the ailment was believed to be transitory and minor." *Id.* at 27.

The problem with this argument is at least tri-fold. <u>First</u>, the standards for worker's compensation awards are different than those under the ADA. *See Long v. City of Leawood, Kan.*, 6 F. Supp. 2d 1249, 1254 n.6 (D. Kan. 1998) ("[A] 'concession' that an individual has a particular disability rating for purposes of the workers' compensation scheme is not necessarily inconsistent with an argument that the individual does not have a 'disability' within the meaning of the ADA in light of the fundamental differences between the two statutory schemes."). The settlement agreement does not overtly address the duration (transitory nature) or severity (whether "minor" is an accurate description) of Daniel's injuries.[3] And it does not make any reference to Daniel's

---

[3] Daniel filed the instant case before the hearing on the settlement agreement. Had he intended that the agreement have a preclusive effect, he could have included language so-stating in the compromise. *Cf. Miller v. KVC Behavioral Healthcare, Inc.*, 506 P.3d 295, 297, 299 (Kan. Ct. App. 2022) (noting that the plaintiff specified in

4

concussion in particular. Daniel's only claimed ADA impairment is his concussion. But he had other injuries. The settlement agreement appears to relate to all injuries. And the only medical evidence attached to the agreement is the December 5 report of Dr. Samuelson of the Kansas City Bone & Joint Clinic.[4] There is no evidence suggesting Dr. Samuelson treated Daniel's concussion.

Second, Daniel treats this as a collateral-estoppel matter instead of a release-and-settlement matter. *See Shoemaker v. Plastic Packaging Techs., L.L.C.*, 2019 WL 2553935, at \*7 (Kan. Ct. App. 2019) ("We note, however, that the settlement was made in the context of a workers compensation hearing, and that its effect would be determined under the principles of release and settlement rather than collateral estoppel."). Daniel has not demonstrated why the worker's compensation settlement agreement forecloses an argument in a federal disability discrimination case that his impairment is transient and minor. At most, the agreement might be probative evidence of a disability. *See Long v. City of Leawood*, 2000 WL 14257, at \*2 (10th Cir. 2000) (noting that a disability rating in a worker's compensation proceeding may be relevant to an ADA claim, but not discussing whether the rating was the result of a compromise). Whether the agreement ultimately comes in during trial is an open issue. But it does not collaterally estop an argument that Daniel's impairment was transitory and minor.

Third, the administrative law judge's approval of the worker's compensation settlement agreement does not meet the third element of collateral estoppel. *See Nichols v. Bd. of Cnty. Comm'rs of Cnty. of La Plata, Colo.*, 506 F.3d 962, 967-69 (10th Cir. 2007) (finding collateral estoppel did not apply to a settlement agreement and consent decree under Colorado law),

---

the worker's compensation settlement hearing that she was not foregoing any rights in a pending civil suit). The agreement, as stated in the form K-WC-12, states, "This settlement closes out all claims that can be pursued within the jurisdiction of the Kansas Division of Worker's Compensation." Doc. 85-20 at 1. It says nothing about existing or future non-worker's compensation claims.

[4] The Court notes that the letter from Dr. Samuelson states that Daniel's permanent partial impairment rating for the right upper extremity and the left lower extremity is 0%.

*abrogated on other grounds as recognized by Onyx Properties LLC v. Bd. of Cnty. Comm'rs*, 838 F.3d 1039, 1043 n.2 (10th Cir. 2016). The administrative law judge stated in the settlement hearing: "I find this settlement to be in your best interest as outlined on the Worksheet for Settlement that will be incorporated into the record." Doc. 85-19 at 3-4. He did not make a judicial determination on the duration or severity of Daniel's injuries. He merely found that the agreement should be approved. *Cf. Harris v. Heubel Mat. Handling, Inc.*, 2011 WL 1231155, at *3-4 (D. Kan. 2011) (considering whether a third party could use a worker's compensation settlement approved by an ALJ as collateral estoppel and deciding collateral estoppel did not apply). In *Harris*, Judge Melgren noted that to apply collateral estoppel in a similar circumstance would be counter to Kansas law that favors compromise and settlement. *Id.* at 4 (citation omitted). The same logic applies here.

*Honeycutt* does not change this outcome. *Honeycutt* did not consider the applicability of collateral estoppel to a court-approved worker's compensation settlement agreement. *Honeycutt* instead considered when the time to appeal began. *Honeycutt* found that judgment was final (for purposes of appeal) when the court approved a settlement agreement and dismissed the remaining claims with prejudice. *Honeycutt* did <u>not</u> consider the impact of generalized stipulations made in the settlement agreement on future cases brought by the parties to the agreement.

Daniel also contends that collateral estoppel bars any argument that Daniel resigned from his employment. Hays stipulated that it paid Daniel compensation benefits totaling $26,793 in the workers compensation settlement. Daniel contends that if he had resigned, Hays wouldn't have paid anything at all, so the payments equate to an admission that he was fired. But this argument fails for the same reason as Daniel's first argument. Perhaps the settlement agreement is probative evidence of who terminated Daniel's employment. Or it may not be admissible at trial;

admissibility is beyond the scope of the instant motion. But Daniel fails to establish that Hays is precluded by collateral estoppel from arguing that he resigned. The Court denies Plaintiffs summary judgment on collateral estoppel.

### B. Defamation-Related Defenses

Daniel next claims that Defendants are precluded from offering three defenses to the claims against them. All three defenses apply to the defamation claims. But all three defenses also depend on resolution of a disputed fact in favor of Daniel. Daniel contends that Defendants can't establish that (1) the defamatory statements made by Thompson were true; (2) Daniel's damages are limited because he engaged in misconduct (allegedly selling stolen cattle) after his termination; and (3) they are entitled to any qualified privilege for telling the livestock auction companies that Daniel had stolen cattle. There are genuine issues of material fact precluding summary judgment on all three defenses. This matter comes down to whether the jury believes Daniel that he bought "railers" and resold those same "railers" ten days later as healthy cattle, or whether the jury believes Thompson that the cattle had impossible weight gain so Daniel must have lied when he purchased them. This dispute impacts all three defenses. Summary judgment is not appropriate.

## IV. CONCLUSION

THE COURT THEREFORE ORDERS that Plaintiffs' motion for partial summary judgment (Doc. 84) is DENIED.

IT IS SO ORDERED.

Dated: August 30, 2023         /s/ *Holly L. Teeter*
                               HOLLY L. TEETER
                               UNITED STATES DISTRICT JUDGE

7